

FILED

MAR 18 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | ) Case No. 09-45778-E-13 |
| | ) |
| RAJ SINGH, | ) |
| | ) |
| Debtor(s). | ) |
| ——————————————————— | ) |
| | ) |
| RAJ SINGH, | ) Adv. Pro. No. 09-02810 |
| | ) |
| Plaintiff(s), | ) |
| v. | ) |
| | ) |
| STEPHEN LIPWORTH, | ) |
| | ) DATE: March 9, 2010 |
| Defendant(s). | ) TIME: 1:00 p.m. |
| ——————————————————— | ) DEPT: E |

## – NOT FOR PUBLICATION –

### MEMORANDUM OPINION AND DECISION
### Motion to Dismiss Adversary Proceeding

Stephen Lipworth ("Lipworth"), the defendant, has filed a Motion to Dismiss this Adversary Proceeding commenced by Raj Singh ("Singh"), the Debtor.  Lipworth has also requested that the court impose a federal "pre-filing review requirement" as a condition precedent to Singh filing any further lawsuits concerning the subject matter of this litigation.

**Allegations by Lipworth in Support of Motion to Dismiss**

The Motion to Dismiss by Lipworth asserts that the issues at the heart of this Adversary Proceeding relate to the real property commonly known as 1625 and 1625-1/2 29th Street,

Sacramento, California, (the "Duplex") and the title to that property. Lipworth states that on August 24, 2009, a deed was issued by the Sacramento County Sheriff to Lipworth for the Duplex pursuant to a state court issued Writ of Execution. Lipworth Declaration, paragraph 3. Lipworth further states that the Debtor attempted to vacate the state court order authorizing the sheriff's sale, which requests were denied by the state court. Then, after the Sheriff's Deed was delivered on or about September 18, 2009, the state court denied a motion by the Debtor to set aside the Sheriff's Sale and the title, if any, transferred to Lipworth by the Sheriff's Deed. Lipworth Declaration, paragraph 3.

On or about November 2, 2009, trials were held in two actions for unlawful detainer commended by Lipworth in the Sacramento County Superior Court to obtain possession of the Duplex. Lipworth Declaration, paragraph 7. Lipworth testifies that judgment was entered in favor of Lipworth and against Singh as to the Duplex. Though not expressly stated in the Motion or declaration, the court understands the phrase "in favor of Lipworth and against Singh" to mean that the State Court ordered that Lipworth is entitled to possession of the Duplex.

Lipworth further asserts that Singh attempted to attack the state court judgment and Writ of Possession by commencing another action in state court titled *Rico Chaca and Karen Singh v. Superior Court*, Sacramento County Superior Court, case no. 2009-800003696. Lipworth Declaration, paragraph 7. Lipworth does not offer an explanation as to how Singh, who appears not to be named

1   in that action, "commenced it" in an effort to stay and set aside

2   the prior judgment and Writ.  Lipworth's testimony is that

3   requests to stay and set aside his judgment and Writ of

4   Possession were denied in the Chaca and Singh state court action.

5   Lipworth Declaration, paragraph 7.

6       Lipworth argues that to the extent Singh attempts to state a

7   cause of action for "common law fraud," the litigation privilege

8   arising under California Civil Code §47(b) bars such derivative

9   tort litigation.  It is asserted that all of the conduct at issue

10  is what occurred in the state court litigation.

11      Lipworth also makes a passing reference to the contention

12  that the Adversary Proceeding should be dismissed because the

13  Complaint filed by Singh lacks the requisite specificity

14  necessary for a fraud claim.

15      The Motion to Dismiss then transitions into a discussion of

16  the Full Faith and Credit Statute, 28 U.S.C. §1738, and the

17  preclusive effect of a state court judgment if a party attempts

18  to relitigate the same issues in a subsequent federal action.

19  Lipworth directs the court to the Bankruptcy Appellate Panel

20  decision, *In re Khaligh*, 338 B.R. 817 (9th Cir. BAP 2006),

21  reviewing issue preclusion when a matter has been previously

22  decided in state court.

23      Lipworth further alleges that the Debtor has been found to

24  be a vexatious litigant in at least 3 other state court actions.

25  The evidentiary basis for this is set forth in the Lipworth

26  declaration, paragraph 5, and Exhibits F and G in support of the

27  Motion.  As noted in the court's decision on Lipworth's related

28

3

1   motion for relief from the automatic stay, the various court

2   decisions attached as exhibits do not appear to be properly

3   authenticated as required by the Federal Rules of Evidence.  To

4   the extent that Lipworth provides testimony as to these facts,

5   they do not appear to be based on personal knowledge and are of

6   limited probative value.  Because a Motion to Dismiss is

7   determined on what is stated in the Complaint and not on

8   extrinsic evidence, these and other additional facts do not bear

9   on the Motion to Dismiss, though they could be relevant in

10  connection with the request for a pre-filing review requirement.

11                    **Review of the Singh Complaint**

12       In considering a motion to dismiss, the court starts with

13  the basic premise that the law favors disputes being decided on

14  their merits, and a complaint should not be dismissed unless it

15  appears beyond doubt that the plaintiff can prove no set of facts

16  which would entitle him to the relief sought.  *Williams v.*

17  *Gorton*, 529 F.2d 668, 672 (9th Cir. 1976).  Any doubt with

18  respect to whether a motion to dismiss is to be granted should be

19  resolved in favor of the pleader.  *Taylor v. Breed*, 58 F.R.D. 101

20  (N.D. Cal 1973).  For purposes of determining the propriety of a

21  dismissal before trial, allegations in the complaint are taken as

22  true.  *Kossick v. United Fruit Co.*, 365 U.S. 731, 888 (1961).

23       A Motion to Dismiss for failure to state a cause of action,

24  Rule 12(b)(6), Federal Rules of Civil Procedure,[1] tests the

25  formal sufficiency of the pleadings, and is not a procedure for

26  _____

27       [1] Unless otherwise stated, all references to "Rule" shall be to the Federal Rules of Civil
    Procedure.  Rule 12(b) is made applicable to this Adversary Action by Rule 7012, Federal Rules of

28  Bankruptcy Procedure.

                                    4

resolving the facts or the substantive merits of the plaintiff's case. *Wright and Miller, Federal Practice and Procedure*, §1356; and *Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993). The court does not consider facts or defenses alleged by the moving party which are not found in the complaint itself.

In considering a motion to dismiss, the court starts with the plain language in the complaint setting forth the basis for the rights which are being asserted by the plaintiff. The Singh Complaint filed in this Adversary Proceeding, alleges that:

1. The property which is the subject of the Singh Complaint is 1625 and 1625 ½ 28th Street, Sacramento, California (the "Duplex"). Singh Complaint, paragraph 4.

2. The last owner of the Duplex was an individual named Suman Mehta, who is not Singh. Singh Complaint, paragraph 4.

3. To obtain the Sheriff's Deed, Lipworth "illegally alleged and proved in state court" that Singh is Suman Mehta. Singh Complaint, paragraph 4.

4. The Duplex was sold by the Sheriff to satisfy Lipworth's judgment against Singh. Singh Complaint, paragraph 4.

5. Singh is not Suman Mehta. Singh Complaint, paragraph 4.

6. State and Federal Courts had previously determined that Singh is not Suman Mehta. Singh Complaint, paragraph 4.

7. The Sheriff therefore sold Singh's interest in the Duplex, which was zero, to Lipworth. Singh Complaint, paragraph 4.

8. The sale by the Sheriff "prevented Singh and Suman Mehta from protecting  the property under the Bankruptcy laws." Singh Complaint, paragraph 4.

9. Lipworth manipulated the legal system to obtain a writ of possession for the Duplex. Singh Complaint, paragraph 4.

10. Lipworth's actions amount to common law fraud upon Singh. Singh Complaint, paragraph 6.

11. Lipworth's actions were malicious, fraudulent and outrageous. Singh Complaint, paragraph 7.

12.   Lipworth's actions have subjected Singh to humiliation and embarrassment, as well as fear and anxiety about the loss of home as a result.   Singh Complaint, paragraph 8.

13.   Singh seeks the bankruptcy court to bar Lipworth's claim of ownership to the property, stay the state court writ of possession, damages totaling $4,000,000, attorneys' fees, treble the action damages, and a declaration of the ownership of the Duplex.   Singh Complaint, prayer for relief.

Singh has amplified the claims he is stating in his

opposition to the Motion to Dismiss.   This Opposition to the

Motion to Dismiss is  similar in content and substance to other

pleadings Singh has filed in his bankruptcy case, including

Singh's previous request for this court to issue an order to show

cause against Lipworth and other persons relating to the

enforcement of the state court judgment against the Duplex.   The

Singh Opposition asserts that Lipworth has fooled and manipulated

the courts for more than a decade and has committed gross frauds

on the courts by asserting and obtaining a state court ruling

that Singh is Suman Mehta.

Singh expands the nature of the rights he believes that his

is asserting through the Singh Complaint, stating that he

believes he has a claim for mistaken identity based on California

Code of Civil Procedure §699.510(c)(3)[2], and  28 U.S.C. §2201[3]

---

[2] C.C.P. §699.510(c)(3).

(3) If a person who is not the judgment debtor has property erroneously subject to an enforcement of judgment proceeding based upon an affidavit of identity, the person shall be entitled to the recovery of reasonable attorney's fees and costs from the judgment creditor incurred in releasing the person's property from a writ of execution, in addition to any other damages or penalties to which an aggrieved person may be entitled to by law, including the provisions of Division 4 (commencing with Section 720.010).

[3] 28 U.S.C. §2201.

(a) In a case of actual controversy within its jurisdiction,..., any court of the United States, upon the filing of an appropriate pleading, may

6

and §2202[4].  With respect to an unplead claim for mistaken identity under C.C.P. §699.510(c), Singh does not provide any explanation of how he, as a judgment debtor who asserts no interest in the Duplex, can assert that is property was mistakenly sold pursuant to an affidavit of identity to pay the judgment of another.  Singh also does not explain how a declaratory relief action lies in federal court to address an issue which has previously been determined in state court (Lipworth proving that Singh is Suman Mehta in order to obtain the Writ of Execution and Sheriff's Deed) or how a declaration of rights of third-parties as to ownership of the Duplex can be advanced in this court by Singh, who affirmatively pleads that he has no interest in or rights to the Duplex.

Singh asserts that while he did not have and does not claim an interest in the Duplex, it is Kaus Singh and Suman Mehta who assert an interest adverse to that of Lipworth in the Duplex. Singh believes that he, rather than the third-parties, should have the authority and access to the federal courts to vindicate the rights of these third-parties who Singh alleges have an interest in the Duplex.

---

declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such....

[4]  28 U.S.C. § 2202. Further relief

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

7

1    The Singh Opposition concludes with the statement that

2  Lipworth is and was involved in gross frauds on the courts and

3  the gross injustice in the courts, and that Lipworth "FORCED" the

4  federal and state court to apply laws incorrectly.  The Singh

5  Complaint does not allege and the Opposition does not state how

6  any state or federal court was "FORCED" by Lipworth to

7  incorrectly apply the law.

8    Singh filed a late Further Opposition to the Motion to

9  Dismiss.  Though the late opposition could be stricken by the

10 court, and notwithstanding the fact that Singh appears to have

11 extensive experience in litigating in both the state trial courts

12 and having represented himself in at least one appeal, the court

13 will consider the late Further Opposition to afford Singh the

14 benefit of all assumptions and presumptions to which he is

15 entitled on a Motion to Dismiss.

16    This Further Opposition adds contentions which Singh

17 believes he should be able to assert in the federal courts

18 concerning what has transpired here and in the state court

19 proceedings.  First, Singh advises the court that he is seeking a

20 Writ of Mandate from the Ninth Circuit Court of Appeals because

21 the Clerk's Office did not enter Lipworth's default in this

22 Adversary Proceeding.  The court notes that Singh elected to use

23 a noticed motion to request the entry of a default by the court,

24 rather than using the simple request for entry of default by the

25 clerk with the form which is available on the court's website.

26 The Clerk's Office set the motion filed by Singh for hearing at

27

28

8

the date and time directed by Singh.[5] When the motion for entry
of default and default judgment was heard, the requested default
could not be entered because by the time Singh's noticed hearing
was conducted, a responsive pleading had been filed by Lipworth.

The Further Opposition focuses the scope of the Singh
Complaint, stating that Singh is seeking to have two issues
decided in this Adversary Proceeding - (1) Who (but not including
Singh) is the owner of the Duplex, and (2) Is Lipworth a
creditor.  These claims are not included in the Singh Complaint,
and the Further Opposition does not state how either of these
represent a case in controversy for Singh for commencing this
adversary proceeding.

Singh repeatedly directs the court to review a California
Third District Court of Appeals decision in one of the state
court cases he has litigated with Lipworth.[6] One of the
conclusions that Singh draws from the DCA Opinion (without citing
to any specific portion of that opinion) is that if Singh can
show that Lipworth committed the alleged fraud in state court,
then "The damages for the frauds on the court is losing
everything to the other party and going to jail." Singh then
concludes that everything belonging to Lipworth should be awarded
to Singh and Lipworth's attorney should be sent to jail.  The

---

[5]    Pursuant to Rule 9014-1, Eastern District Local Rules of Bankruptcy Procedure, parties self select the dates for hearings on law and motion matters from a list of available dates and times for the court.

[6]    The case is *Singh v. Lipworth*, California Third District Court of Appeal, Case No. C053762, filed June 18, 2008, which is an unpublished decision of that court.  A copy of this decision is attached as Exhibit C to the Lipworth Exhibits in Support of Motion.

court notes that this DCA Opinion, to which it has been
repeatedly directed to review by Singh, also contains a long
review of the various state court proceedings, including
determinations made by the state court concerning the use of the
names Suman Mehta and Kaus Singh as aliases by Singh, the failure
of Suman Mehta and Kaus Singh to ever appear in any state court
proceedings, and that Singh has consistently denied having an
interest in or owning the Duplex.

The opposition also affirmatively states that as between
Lipworth and Singh, the state court has already found that Singh
was Suman Mehta and Archana Singh.  It also alleges that Singh,
Kaus Singh, Archana Singh, and Suman Mehta have all been unable
to get an attorney to represent them because no attorney wants to
be involved with a case that has allegations of frauds.

### The Complaint on its Face Demonstrates that Singh Lacks Standing to Assert Claims Relating to the Ownership of the Duplex

The issue of whether the Complaint should be dismissed
starts with what Singh has alleged in his Complaint.  If Singh
adequately alleges a claim, then the Complaint will not be
dismissed.  It is undisputed, and admitted by Singh, that Singh
unequivocally asserts that he did not and does not own the
Duplex.  Without citing specific conduct, Singh alleges that
Lipworth was able to convince the state court that Singh actually
owned the Duplex and the Duplex could be sold in enforcing
Lipworth's judgment against Singh.

The Complaint does not state what Lipworth is alleged to
have improperly done to convince the state court, other than to

10

1  state that Lipworth "illegal proved in the State Courts that Raj
2  Singh is Suman Mehta."  Complaint, paragraph 4.  Further Singh
3  asserts that Lipworth has "manipulated the legal system" and
4  Lipworth's actions amount to common law fraud.  Neither the
5  complaint nor the Oppositions state how Singh asserts any rights
6  with respect to the Duplex that were effected by Lipworth's
7  conduct in the state court action.

8  <center>**Standing, Rule 12(b)(1) and 12(b)(6)**</center>

9  Before addressing the sufficiency of the Complaint, the
10  court must first determine whether this court has jurisdiction
11  for this matter to have been brought in federal court by Singh.
12  Merely because Singh is a debtor in a Chapter 13 case does not
13  obviate the basic requirement that a person must have standing so
14  that there is a real "case in controversy" being presented to the
15  court.

16  The federal courts are not a forum for the theoretical or
17  vicarious litigation of rights of others who are not before the
18  court (with limited exceptions to this rule, such as class action
19  and other specifically authorized representative proceedings).
20  Standing must be determined to exist before the court can proceed
21  with the case.  *Sacks v. Office of Foreign Assets Control*, 466
22  F.3d 764, 771. (9th Cir. 2006)

23  Though neither party identified the issue of standing, the
24  court may raise it *sua sponte*, Rule 12(h)(3), Federal Rules of
25  Civil Procedure[7].  A person must have a legally protected

26

27  [7] As made applicable to this Adversary Proceeding by Rule 7012, Federal Rules of Bankruptcy
28  Procedure.

<center>11</center>

interest, for which there is a direct stake in the outcome of the federal court litigation. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 117 S.Ct. 1055 (1997). The Supreme Court provided a detailed explanation of the Constitutional case in controversy requirement in *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville Florida*, 508 U.S. 656, 663, 113 S.Ct. 2297 (1993). The party seeking to invoke federal court jurisdiction must demonstrate (1) injury in fact, not merely conjectural or hypothetical injury, (2) a causal relationship between the injury and the challenged conduct, and (3) the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative, *Id*. In determining whether the plaintiff has the requisite standing and the court has jurisdiction, the court may consider extrinsic evidence. *Roverts v. Corrothers*, 812 F.2d, 1173, 1177 9th Cir. 1987).

In the present case, to the extent that the Complaint is based on Singh seeking a determination of whether Kaus Singh, Suman Mehta, or Lipworth have interests in the Duplex, Singh is not asserting a legally protected interest he has relating to the Duplex or the issue of ownership. Singh merely is attempting to assert or vindicate rights of others. Singh affirmatively states that he has no right to or interest in the Duplex. It is for Kaus Singh and Suman Mehta to step up and assert their rights and interests in the Duplex. It is not for Singh to be their "front man" for asserting such rights, if any. For all the court knows, Kaus Singh and Suman Mehta do not assert any rights to or

12

interest in the Duplex, and acknowledge that Lipworth has the superior interests he asserts through the state court proceedings. To the extent that Singh is asserting in this Complaint that this action is necessary so he can have the rights of these third parties determined, he fails to meet the Constitutional standing requirement.

### Rule 12(b) Failure to State a Cause of Action

To the extent that Singh asserts he has been the victim of "common law fraud," he has standing to assert and properly plead such a claim. Though not stated in the motion or opposition, Rule 8[8] states the general rules for pleadings. Rule 8 requires (1) a short and plain statement of the grounds for the court's jurisdiction, (2) short and plain statement of the claim showing that the pleader is entitled to the relief, and (3) a demand for the relief sought. Rule 9(b)[9] has an added requirement for special matter pleading, which includes fraud claims.

> Rule 9(b).   Fraud, Mistake, Condition of Mind.
> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

For fraud, the complaint must include averments such as the time, the place, the identity of the parties involved, and the nature of the fraud or mistake. *Wright and Miller, Federal Practice and Procedure*, Civil §1241. Under California law, common law fraud

---

[8]   As made applicable to this Adversary Proceeding by Rule 8, Federal Rules of Bankruptcy Procedure.

[9]   As made applicable to this Adversary Proceeding by Rule 9, Federal Rules of Bankruptcy Procedure.

is comprised of the following elements:

(1)    A misrepresentation (the statement is actually false).

(2)    It is known to be false by the person making the statement.

(3)    The person making the statement intends to defraud the victim (induce reliance).

(4)    The misrepresentation was reasonably relief upon by the victim.

(5)    The victim incurs damages.

*Lazar v. Superior Court*, 12 Cal.4th 631,638 (1996); *Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 1778 Cal. App. 4th 830 (2009); and *Witkin, Summary of California Law 10th Edition*, Vol. 5 Fraud §772. These elements are also found in statutory definition of deceit in California, California Civil Code §1709, which is cited in the Singh Opposition.

When the required elements of fraud are compared with the pleading requirements of Rule 9(b), it becomes clear that Singh does not adequately plead a claim for fraud.  This analysis produces the following results:

(1)    A misrepresentation (the statement is actually false).

        - The Complaint asserts that Lipworth made the alleged misrepresentation to the state and federal courts that Singh is Suman Maltha.

(2)    It is known to be false by the person making the statement.

        - The Complaint alleges that Lipworth knew that Singh is not Suman Mehta, and therefore knew the statement was false.

(3)    The person making the statement intends to defraud the victim (induce reliance).

        - The Complaint alleges that Lipworth intended to

14

defraud the state and federal courts, but does not allege that Lipworth intended to defraud Singh, the plaintiff-victim in this case.

(4)   The misrepresentation was reasonably relief upon by the victim.

- The Complaint does not assert that the alleged misrepresentation was reasonably relief upon by the state and federal court, but rather that the state and federal court were forced to misapply the law.  More significantly, it is not alleged that the Singh, the plaintiff-victim in this Adversary Proceeding, reasonably relied upon the alleged misrepresentation.

(5)   The victim incurs damages.

- The Complaint alleges that Singh has incurred $4,000,000.00 in damages, but does not allege that the damages arise from the four other elements or the alleged misrepresentation.  The Complaint affirmatively alleges that Singh did not and does not have any interest in the Duplex.  Rather, it appears that Singh believes that third-parties may be damaged to the extent that Lipworth asserts an interest in the Duplex pursuant to the Sheriff's deed.

As drafted and explained in the Oppositions, the Complaint not only fails to allege, but affirmative pleads that Singh does not satisfy several of the necessary elements to assert a claim for fraud.  Additionally, these affirmative pleadings demonstrate that Singh does not have standing because he is not attempting to assert rights he has or address wrongs done to him.

The court concludes that the Lipworth Motion to Dismiss is properly granted since Singh has failed to state a claim, as well as Singh establishing that he does not have standing to assert the claim he describes in the Complaint.

### Litigation Privilege

Lipworth also seeks dismissal of the Complaint based on the litigation privilege arising under California Civil Code §47(b).

15

Though a plaintiff does not need to plead around anticipated defenses, if the defense is clear on the face of the complaint, then that defense can be a basis for dismissing the complaint. *McCalden v. California Library Ass'n*, 955 F.2d 1214 (9th Cir. 1990).

The California Supreme Court recently addressed the scope of the litigation privilege in *Rusheen v. Cohen*, 37 Cal.4th 1048 (2006). In *Rusheen*, the court was presented with the issue of whether post-judgment enforcement activities, such as obtaining a sister state judgment and levying on property in enforcing a California court judgment, were protected by the litigation privilege when the defendant asserted that the underlying judgment was obtained by fraud. It was alleged in *Rusheen* that the declaration attesting to service on the defendant was fraudulent, and that fraud would support an independent tort action against the judgment creditor.

The California Supreme Court states that the current statutory privilege is a codification of the common law. The litigation privilege applies to all torts, with the exception of malicious prosecution. This grants an absolute immunity from claims arising from communications made at or in connection with litigation. *Id.*, 1057. The privilege extends to the enforcement of the judgment, not merely the court proceedings in obtaining the judgment. *Id.*, 1062. This privilege is necessary for there to be a properly functioning judicial system and a person being able to seek relief from the courts. *Id.*, 1063.

In *Briscoe v. LaHue*, 460 U.S. 325 (1983), and *Tenney v.*

16

*Brandlove*, 341 U.S. 367 71 (1951) the United States Supreme Court addressed the federal common law absolute privilege in litigation and legislative proceedings.  The Ninth Circuit Court of Appeals addressed the California privilege in *Rodriguez v. Panayiotou*, 314 F.3d 979 (9th Cir. 2002), and its broad application to any communication made in connection with a judicial proceeding.

Singh is correct in stating that a state law litigation privilege cannot override all federal statutes.  In *Kimes v. Stone*, 84 F.3d 1121 (9th Cir. 1996) the Ninth Circuit Court of Appeals concluded that a claim arising under 42 U.S.C. §1983 or §1985(3) could not be immunized by the litigation privilege since the claims arose under constitutional rights or statutory civil rights derived therefrom, citing to *Wyatt v. Cole*, 504 U.S. 158, 112 S.Ct. 1827 (1992).  In so ruling in *Wyatt*, the Supreme Court concluded that the common law privilege would not apply when Congress created a statutory scheme and rights for which there was not a privilege at common law, it would not be presumed that an unstated privilege applied to the new statutory rights.  *Wyatt*, pg 1831.

Singh also cites in his Oppositions *Yates v. Allied Intern. Credit Corp.*, 578 F. Supp. 12 51 (S.D. Cal 2008), for the proposition that the court allowed an intentional and negative infliction of emotional distress tort claims against a debt collector notwithstanding the litigation privilege.  The alleged communication in *Yates* was a false police report made by a debt collector that the debtor was killing someone.  The debtor then brought suit for claims under the federal Fair Debt Collection

17

1  Practices Act, the California Fair Debt Collection Practices Act,

2  negligence, and intentional and negligent infliction of emotional

3  distress.

4      Contrary to Singh's representations in the Opposition, the

5  court in *Yates* determined that the California litigation

6  privilege precluded the plaintiff from asserting the tort claims

7  for negligence, intentional infliction of emotional distress, and

8  negligent infliction of emotional distress. *Id.*, 1254.  The

9  District Court in *Yates* did hold that the California litigation

10 privilege did not preclude claims arising under the California

11 Fair Debt Collection Practices Act and the federal Fair Debt

12 Collection Practices Act. Since the California Legislature

13 enacted specific provisions governing debt collection activity,

14 some of which relate to conduct of a collector in judicial

15 proceedings, it would render that Act meaningless if the

16 privilege prevailed over the specific provisions of the Act.  The

17 District Court further noted that the United States Supreme Court

18 had already held that the federal Fair Debt Collection Practices

19 Act applied against attorneys for their conduct in judicial

20 proceedings.  *See*, *Heniz v. Jenkins*, 514 U.S. 291, 299, 115 S.Ct.

21 1489 (1995).

22     The only claim alleged by Singh or which can be divined from

23 the language in the Complaint and his Opposition, is that his

24 claim in this Adversary Proceeding relates to Lipworth obtaining

25 and enforcing a judgment from the state court.  Singh

26 affirmatively alleges that the wrongful conduct was Lipworth

27 convincing the state court that the names Kaus Singh and Suman

28

18

Mehta were alias for Singh, and not real third-parties who Singh asserts have an interest in the ownership of the Duplex.

Applying the litigation privilege to preclude the filing of a tort action attacking conduct of Lipworth in the state court proceedings does not leave Singh without a remedy.  Singh could assert a malicious prosecution claim to address the alleged misconduct, as well as seeking further relief from the state court pursuant to that court's inherent power to sanction improper conduct before that court.  Singh has not pleaded or alleged facts which would be the basis for a malicious prosecution claim in this Adversary Proceeding.

Based on what is alleged in the Complaint, Singh fails to state a claim for which relief can be granted in light of the litigation privilege as provided in Rule 12(b)(6).

**The Relief Sought is Beyond the Power of The Federal Court**

The Complaint and the Singh's Oppositions also highlight a significant misunderstanding of the relationship between the state and federal courts, as well as the power of each court to conduct and police their respective proceedings. Singh states that Singh has litigated issues with Lipworth in state court and lost.  It further states that Lipworth has a judgment against Singh, and has enforced that judgment against the Duplex, which Singh asserts is actually owned by third-parties.

The Original and Further Oppositions filed by Singh state that Singh is seeking to have this bankruptcy court right the various wrongs Singh perceives having been done by Lipworth to the state courts and other federal courts (though the federal

courts which have been the subject of the alleged wrongdoing are
not identified).  While Singh is seeking a declaration from this
court that Raj Singh is not Suman Mehta, Singh admits that
Lipworth "proved in State Courts that Raj Singh is Suman Mehta."
Singh Complaint, paragraph 4.

What Singh is clearly attempting to do from the plain
language of his Complaint in this Adversary Proceeding is to have
this bankruptcy court "overrule" what has been determined in
state court.  That is not the role of a federal court, as any
decision in the superior court is taken to the District Court of
Appeal if it is to be overturned.

Federal courts are generally precluded from granting
injunctive relief to direct what occurs or does not occur in
state court.  28 U.S.C. §2283, the Federal Anti-Injunction Act.
The court is unaware of any exceptions to this Act which would
apply to the ongoing state court proceedings which are the
subject of this litigation.  This court is unsure as to what
Singh believes this court can do with respect to the judgments,
orders, and writs issued by the state court judges.

The *Rooker-Feldman* Doctrine, *Rooker v. Fidelity Trust Co.*,
263 U.S. 413 (1923), confirms that federal courts, except for the
United States Supreme Court, lack the authority to reverse or
nullify a final state court judgment.  A losing party in state
court cannot file suit in federal court after the state
proceedings ended, complaining of an injury caused by the state-
court judgment and seeking review and rejection of that judgment.
*Exxon Mobil corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280,

291-292 (2005).

In cases where there are parallel state and federal court actions, issue preclusion bars the federal court from relitigating what has been decided in state court. As stated by the Supreme Court, the Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Id.*, pg. 293. "In short, the loser in state court cannot avoid its fate by trying to persuade a federal district court that the state judgment violates the loser's federal rights." Federal Civil Procedure Before Trial, The Rutter Group, Ch 2E-11.

In addition to the other grounds, Singh's Complaint on its face clearly shows that he is requesting that this court violate the *Rooker-Feldman* Doctrine and the Full Faith and Credit Act with respect to these state court proceedings. The Complaint is very clear in that it affirmatively alleges that (1) Lipworth has already proved in state court that Raj Singh is Suman Mehta, and (2) pursuant to a state court judgment there was a sheriff's sale based on Lipworth's judgment against Singh. To the extent that Singh wants this court to re-decide the issue of whether Singh is Suman Mehta or if the order for the Sheriff's Sale is proper in the enforcement of the Lipworth judgment, this trial court cannot overrule the state court.

To the extent that Singh requests that this court determine the respective rights of Kaus Singh, Suman Mehta, and Lipworth, for which no one is alleging that there is a state court

judgment, Singh has not alleged that or sought that relief in the
Singh Complaint.  To the extent that such a claim was alleged,
Singh affirmatively asserts that he has no interest in or right
to the property.  Further, he does not allege any basis or
authority he has to assert the rights of, or bind for in any
decision of this court, Kaus Singh or Suman Mehta, with respect
to any interests Singh would assert on their behalf in an
adversary proceeding.  As stated above, Singh does not have
standing to invoke the jurisdiction of this court to decide
issues between third-parties concerning the Duplex in which Singh
affirmatively states that he did not and does not have any
interest.

For each of these separate and independent grounds, the
Complaint should properly be dismissed.

## Motion for Pre-Filing Review Condition

Lipworth requests that the court impose, as part of its
inherent powers to control the proceedings in the federal courts,
a condition that Singh obtain an order from this court before
being allowed to commence an action in the federal courts.  The
Motion accurately cites various authorities and factors to be
considered by a court in determining whether such an order should
be issued and the rights of a person to seek relief from the
federal courts qualified.  Even if the court accepts the
unauthenticated rulings and unpublished decisions from other
courts and the statements in the Lipworth declaration, the court
finds that the probative value of that evidence not sufficient
for the issuance of such an order.

22

1   This court does not have before it an adequate, admissible
2   presentation of the history of the various proceedings relating
3   to the Singh litigation.   This court cannot just accept a
4   representation that other courts have concluded that Singh is a
5   vexatious litigant.   There has been no evidence of what is
6   contended to be the needless costs and expenses which have been
7   caused by Singh's alleged vexatious litigation.   The fact that a
8   party may elect to exercise the right to appeal or seek
9   reconsideration, does not in and of itself constitute improper
10  litigation.   To the extent that the state court judges have such
11  evidence before them, they can make such a determination.   At
12  this point in time, the only evidence before this court is the
13  Adversary Proceeding, pleadings in response to the present
14  motion, and the motion for issuance of an order to show cause in
15  the parent case.

16  The court will not grant this extraordinary relief requested
17  by Lipworth.

18  **The Ruling of the Court is:**

19  The court grants the Motion to Dismiss for each of the
20  following separate and independent grounds,

21      a.   Singh does not have standing to assert any claims
22           relating to the ownership of and right to the Duplex.

23      b.   Singh does not have standing to assert any rights or
24           interests of Kaus Singh or Suman Mehta relating to the
             Duplex.

25      c.   Singh has failed to plead with sufficient specificity a
26           fraud claim as required by Rule 9(b), Federal Rules of
             Civil Procedure, and has failed to state a claim under
             Rule 12(b)(6).

27      d.   Singh has affirmatively pleaded facts which establish
28           that he fails to state a claim under Rule 12(b)(6).

23

e.    The litigation privilege bars the present action based on the Complaint alleging the basis of the claim(s) being Lipworth's conduct in the state court proceedings and enforcing the judgment obtained from the state court, and based upon the face of the Complaint it fails to state a claim under Rule 12(b)(6).

f.    The Complaint requests relief beyond the scope of the jurisdiction of this court to overturn judgments previously issued in the state court.

g.    The Complaint seeks to relitigate issues which Singh admits have been previously decided by the state court, which are barred under the Full Faith and Credit Act and the *Rooker-Feldman* Doctrine.

The court denies the request that a pre-litigation application and court authorization requirement be imposed on Singh before he commences any further litigation concerning the subject to the present litigation.

Dated: March 18 , 2010

RONALD H. SARGIS, Judge
United States Bankruptcy Court

24

**PROOF OF SERVICE**

I, Dawn Nartker, in the performance of my duties as assistant to the Honorable Ronald H. Sargis, served as stated below a true copy of the attached document to each of the parties listed below:

By Electronic Mail on the Office of the United States Trustee addressed as follows:

- ustpRegion17.sc.ecf@usdoj.gov
- al.c.massey@usdoj.gov

By Mail on the parties as listed below:

Raj Singh
P.O. Box 162783
Sacramento, CA 95816

Stephen Lipworth
543 Bolton Place
Houston, TX 77024

Lawrence J. Loheit, Trustee
P.O. Box 1858
Sacramento, CA 95812-1858

J. Russell Cunningham, Esq.
Desmond, Nolan, Livaich
 & Cunningham
1830 15th St.
Sacramento, CA 95811

DATE: March 18, 2010

_Dawn Nartker_
Dawn Nartker